UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

MF GLOBAL HOLDINGS LTD., as Plan
Administrator, and MF GLOBAL ASSIGNED
ASSETS LLC,

                Plaintiffs,

    -against-

ALLIED WORLD ASSURANCE CO. LTD., IRON-
STARR EXCESS AGENCY LTD., IRONSHORE INS.
LTD., STARR INS. & REINSURANCE LTD., and
FEDERAL INS. CO.,

                Defendants.

-----------------------------------------X

17 Civ. 742
17 Civ. 953

OPINION



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/17

A P P E A R A N C E S:

### Attorneys for Plaintiffs

JONES DAY
555 South Flower St., 50th Fl.
Los Angeles, CA 90071
By: Bruce Bennett, Esq.

250 Vesey St.
New York, NY 10281
By: Edward M. Joyce, Esq.
    Jane Rue Wittstein, Esq.

### Attorneys for Allied World Defendants

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
By: Daniel Slifkin, Esq.
    Omid H. Nasab, Esq.

WHITE AND WILLIAMS LLP
7 Times Square
New York, NY 10036
By:  Erica Kerstein, Esq.

Attorneys for Iron-Starr Defendants

D'AMATO & LYNCH
Two World Financial Center
225 Liberty Street
New York, NY 10281
By:  Mary Jo Barry, Esq.
     Maryann Taylor, Esq.

1

**Sweet, D.J.**

Defendants Allied World Assurance Co. Ltd. ("Allied World"), Iron-Starr Excess Agency Ltd., Ironshore Insurance Ltd., Starr Insurance & Reinsurance Ltd. (collectively, the "Iron-Starr Defendants" and, collectively with Allied World, the "Bermuda Insurers") have several motions presently before the Court. The Bermuda Insurers seek leave to appeal the United States Bankruptcy Court for the Southern District of New York's (the "Bankruptcy Court") January 12, 2017, order granting a preliminary injunction for Plaintiffs MF Global Holdings, Ltd. ("MFGH"), MF Global Assigned Assets LLC ("MFGAA," collectively with MFGH, "Plaintiffs") and finding the Bermuda Insurers in contempt for violating the Bankruptcy Court's December 21, 2016, temporary restraining order. The Bermuda Insurers have also moved, either as of right or with leave of the Court, to appeal the Bankruptcy Court's January 23, 2017, order finding that the Bermuda Insurers violated the Barton doctrine and requiring that their Bermuda proceeding be terminated.

Upon the findings and conclusions set forth below, each motion is denied.

1

## Prior Proceedings

Background as to MFGH's chapter 11 bankruptcy and the parties' prior dealings before the Bankruptcy Court, the Supreme Court of Bermuda, Civil Jurisdiction (Commercial Court), and this Court, have been described in previous opinions. See MF Glob. Holdings Ltd. v. Allied World Assurance Co., No. 17 Civ. 106 (RWS), 2017 WL 548219, at *1-2 (S.D.N.Y. Feb. 10, 2017); In re MF Glob. Holdings Ltd., 561 B.R. 608, 612 (Bankr. S.D.N.Y. 2016). Familiarity is assumed.

On January 12, 2017, the Bankruptcy Court converted its previously-issued temporary restraining order ("TRO") prohibiting the Bermuda Insurers from continuing to enforce an Anti-Suit Injunction issued by the Bermuda Court into a preliminary injunction. On the same day, the Bankruptcy Court also found the Bermuda Insurers in contempt for violating the TRO.

On January 23, 2017, the Bankruptcy Court issued an oral ruling that found the Bermuda Insurers had violated the Barton doctrine due to their instigation of proceedings in the Bermuda Court without the Bankruptcy Court's approval and issued a

written order directing the Bermuda Insurers to dismiss the Bermuda proceedings.[1] On January 24, 2017, the Bankruptcy Court entered an order clarifying that the Bermuda proceedings were to be dismissed without prejudice. On January 31, 2017, the Bankruptcy Court issued a written opinion as to its Barton doctrine decision (together with the January 23 rulings and January 24 order, the "Barton Order").

On January 31, 2017, the Bermuda Insurers sought leave to appeal the preliminary injunction and contempt orders. (17 Civ. 742, Dkt. 4; 17 Civ. 780, Dkt. 3.) On February 6, 2017, the Bermuda Insurers appealed the Barton Order. (17 Civ. 953, Dkt. 1; 17 Civ. 993, Dkt. 1.)

The motion as to the preliminary injunction and contempt order was heard and marked fully submitted on March 2, 2017. The

---

[1]    The Barton doctrine is federal common law derived from Barton v. Barbour, 104 U.S. 126 (1881). The doctrine's principle is that because "the court that appointed the trustee has a strong interest in protecting him from unjustified personal liability for acts taken within the scope of his official duties," and so therefore a party must seek "leave of the appointing court before a suit may go forward in another court against the trustee." In re Lehal Realty Assocs., 101 F.3d 272, 276 (2d Cir. 1996).

motion as to the Barton order was heard and marked fully submitted on April 19, 2017.

On May 24, 2017, the Iron-Starr Defendants wrote the Court to request that their involvement as to these proceedings be stayed in light of those parties having reached a settlement in principal with Plaintffs, which the Court granted.[2] (17 Civ. 933, Dkt. 15.)

## Applicable Standards

District courts are vested with appellate jurisdiction over bankruptcy courts if the bankruptcy court ruling is "final" under 28 U.S.C. § 158(1)(a) or "of the nature that renders it appropriate for interlocutory review" pursuant to 28 U.S.C. § 158(a)(3). In re AMR Corp., 490 B.R. 470, 475 (S.D.N.Y. 2013); see also In re Residential Capital, LLC, No. 14 Civ. 9711 (RJS), 2015 WL 5729702, at *2 (S.D.N.Y. Sept. 30, 2015).

---

[2]    Given their motion to stay, although the Iron-Starr Defendants submitted joint motions and briefing with Allied World, the instant decision only encompasses Allied World's non-stayed motions.

4

Within the context of bankruptcy proceedings, whether an order is "final" for purposes of appealing is "different" and "more flexible than in ordinary civil litigation." In re Fugazy Exp., Inc., 982 F.2d 769, 775 (2d Cir. 1992) (quoting In re Hooker Investments, Inc., 937 F.2d 833, 836 (2d Cir. 1991)). Bankruptcy proceedings "often continue for long periods of time, and discrete claims are often resolved at various times over the course of the proceedings"; thus, a final order "need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." Id. at 775-76 (collecting cases). "In all other respects, district courts apply the same standards of finality [in a bankruptcy case] that . . . apply to an appeal under 28 U.S.C. § 1291." In re Residential Capital, 2015 WL 5729702, at *3 (quoting In re Fugazy Exp., 937 F.2d at 775) (internal quotation marks omitted).

If a bankruptcy court's order or decree is not final, a district court may still grant leave to hear the appeal pursuant to 28 U.S.C. § 158(a)(3). For such interlocutory orders, "[t]o determine whether leave to appeal should be granted, district courts apply the standards prescribed in 28 U.S.C. § 1292(b)."

In re Anderson, 550 B.R. 228, 234 (S.D.N.Y. 2016) (citing In re Kassover, 343 F.3d 91 (2d Cir. 2003)). A district court may exercise its discretion to grant leave to appeal when the order at issue involves: "(1) a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) that an immediate appeal from which may materially advance the ultimate termination of the litigation." Id. (citing 28 U.S.C. § 1292(b)). Granting a permissive interlocutory appeal is appropriate "where appellate review might avoid protracted and expensive litigation." German v. Fed. Home Loan Mortg. Corp., 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995). However, "the party seeking an interlocutory appeal has the burden of showing 'exceptional circumstances' to 'overcome the general aversion to piecemeal litigation' and 'justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" In re Perry H. Koplik & Sons, Inc., 377 B.R. 69, 73-74 (S.D.N.Y. 2007) (quoting Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave, 921 F.2d 21, 24 (2d Cir. 1990)). "[E]ven where the three legislative criteria of section § 1292(b) appear to be met, district courts retain 'unfettered discretion to deny certification' if other factors counsel against it." Transp.

Workers Union of Am., Local 100 v. NYC Transit Auth., 358 F.
Supp. 2d 347, 351 (S.D.N.Y. 2005) (internal citations omitted).

**Allied World's Motion To Appeal The *Barton* Order As Of Right Is Denied**

Allied World has moved to appeal the Bankruptcy Court's
Barton Order, contending it can appeal the order as of right
because the Barton Order is final as either the equivalent of a
permanent injunction or final injunction of temporary duration
or, in the alternative, is appealable under the collateral order
doctrine. For the reasons set forth below, these contentions are
unavailing.

1. The *Barton* Order Is Not A Final Order

Allied World contends that the Barton Order, which required
the Bermuda Insurers to dismiss the Bermuda Court proceeding
without prejudice, is an automatic stay that operates like a
permanent injunction prohibiting the Bermuda Insurers from
certain actions; as the Second Circuit has held that permanent
injunctions are final orders, Allied World argues, the Barton
Order should be viewed as such. Plaintiffs agree that the Barton
Order is akin to an automatic stay, but instead contend that

7

until Defendants have requested leave from the Bankruptcy Court to file suit elsewhere, the Barton Order is not final.

In support of its view, Allied World points to two cases, In re Chateaugay Corp., 880 F.2d 1509 (2d Cir. 1989), and In re Lomas Fin. Corp., 932 F.2d 147 (2d Cir. 1991), which it argues are binding on this Court and require a decision in its favor. However, these cases do not compel such an outcome.

In In re Chateaugay Corp., a plaintiff sought relief from the Bankruptcy Code's automatic stay provision, which was denied by the bankruptcy court; on appeal, the Second Circuit reversed, holding the lower court's decision appealable because "the denial of relief from the automatic stay here is a final, appealable order." 880 F.2d at 1512. The circuit court held that even though the bankruptcy court had stated that it would consider modifying its order after one year, holding out the opportunity for future reconsideration at a later point when "the consequences for the parties may be completely different" was not enough to make an appeal not final. Id. at 1513. However, the circuit court noted that "a judge's statement of intent to reconsider an issue in the relatively near future

might be significant in determining whether the order is final or interlocutory." Id.

In re Lomas Fin. Corp. also addressed an appeal from a bankruptcy court's automatic stay. There, a creditor appealed the application of an automatic stay ordered by a bankruptcy court that the court had termed a "preliminary injunction." 932 F.2d at 150. The Second Circuit noted that for the purpose of finality, it did not find it a "distinction of consequence" whether the appeal was "from a denial of a motion to lift the automatic stay . . . [or] an appeal from an order holding, *inter alia*, that the automatic stay applies to the action." Id. at 152 n.2. Without concluding whether the bankruptcy court's order was final, the court went on to state that the facts before it suggested finality because the "record does not suggest that the bankruptcy court contemplates further proceedings [on that issue] . . . in contrast to further proceedings concerning the reorganization itself." Id. at 151.

These cases stand for the proposition that in certain circumstances, a bankruptcy court's finding of a Barton violation could constitute a final order. The cases also demonstrate the fact-dependency of determining an order's

finality: a court's "focus should be on [an order's] effect and whether, as a practical matter, it finally resolves a discrete dispute." In re Quigley Co., Inc., No. M-47 (RJH), 2010 WL 356653, at *4 (S.D.N.Y. Jan. 27, 2010) (emphasis added) (citing Lomas, 932 F.2d at 151 & n.2). When construed in light of these attendant facts, the Bankruptcy Court's Barton Order is not final.

Viewed practically, the Bankruptcy Court has made it "absolutely clear" that it intends to reconsider the parameters of its Barton Order. In re Enron Corp., 316 B.R. 767, 770 (S.D.N.Y. 2004). In the Barton Order itself, the Bankruptcy Court stated that it would hear and decide whether "the Bermuda Insurers' motions to compel arbitration must be granted"-in other words, whether to continue to apply Barton strictures-following additional briefing. (Adv. D.I. 99 at 19.[3]) The Bankruptcy Court's Case Management Order laid out a briefing schedule and oral arguments that would take, and had taken, place within three months of the Barton Order, with an opinion from the Bankruptcy Court pending as of this writing. (See Adv.

---

[3]    All references to "Adv. D.I." are to the Bankruptcy Court's docket for the Adversary Proceeding below, in 16-01251-MG.

D.I. 122 at 4.) As there is "reason to believe that the bankruptcy court contemplates additional proceedings as to the applicability" of the Barton Order, it is properly viewed as not final. In re Quigley Co., 676 F.3d at 51.[4]

### 2. The *Barton* Order Is Not Appealable Under The Collateral Order Doctrine

In the alternative, Allied World argues that the Barton Order is appealable as of right under the collateral order doctrine. As the collateral order doctrine does not extend over the Barton Order, this argument fails.

The collateral order doctrine "is best understood not as an exception to the 'final decision' rule  . . . but as a 'practical construction' of it." Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867 (1994) (citation omitted). To apply, the appealed order must: "(1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the underlying action; and (3) be

---

[4]    Allied World's contention that the Barton Order should be appealable as of right because it is a "final injunction of temporary duration" fails for the same reason. The Bankruptcy Court has indicated its intent to consider "the merits" of continuing its prohibitions pursuant to Barton. Lomas, 932 F.2d at 151.

effectively unreviewable from a final judgment." Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978)). "All three of the requirements for appeal under the collateral order doctrine must be met; if any one is unsatisfied, the order is not immediately appealable under this doctrine." Fischer v. N.Y. State Dep't of Law, 812 F.3d 268, 274 (2d Cir. 2016). The "conditions for [a] collateral order appeal [are] stringent." Digital Equip. Corp., 551 U.S. at 868. Under the doctrine, the Supreme Court has found "a small class of rulings" that apply, "emphasizing its modest scope," Will v. Hallock, 546 U.S. 345, 349-50 (2006), which include orders rejecting "absolute and qualified immunity of a government official, Eleventh Amendment immunity of a state, or the double jeopardy of a defendant." City of N.Y. v. Beretta U.S.A. Corp., 234 F.R.D. 46, 52 (E.D.N.Y. 2006) (citing Hallock, 546 U.S. at 350).

Allied World argues that the Barton Order is the "Bankruptcy Court's final word" on personal jurisdiction and, by forcing Allied World to litigate in the United States, irretrievably harms its ability to arbitrate in Bermuda, which together merit a collateral order. (See Allied World's Mem. in Supp. of Barton Order Appeal at 7-8, 17 Civ. 953, Dkt. 9.)

However, these arguments in the context of the collateral order doctrine have been foreclosed by the Supreme Court. See Lauro Lines S.R.L. v. Chasser, 490 U.S. 495 (1989) (holding that denial of a motion to enforce a contractual forum selection clause does not qualify for immediate appeal); Van Cauwenberghe v. Biard, 486 U.S. 517 (1988) (holding the same for lack of jurisdiction argument). Because "[s]uch motions can be made in virtually every case," to find otherwise would expand the collateral order doctrine to "almost every pretrial or trial order." Hallock, 546 U.S. at 351 (quoting Digital Equip. Corp., 511 U.S. at 872-73.) While recognizing that the petitioner seeking appellate review has the potential to be put through "unnecessary trouble and expense, and the value of its contractual right to an [contracted-for] forum will have been diminished" if the lower court's decision is later reversed, the "costs associated with unnecessary litigation [are not] enough to warrant allowing the immediate appeal of a pretrial order." Lauro Lines, 490 U.S. at 499. As the Barton Order can be effectively reviewed on appeal from a final judgment, it fails the third prong of the collateral order test, see id. at 501, and the remaining two prongs need not be considered to deny Allied World's motion, see Fischer, 812 F.3d at 277.

13

**Allied World's Motion For Leave To Appeal The Preliminary Injunction, Contempt Order, And *Barton* Order Is Denied**

Allied World has also moved for leave to appeal the Bankruptcy Court's preliminary injunction order, its contempt order, and the Barton Order. As the argument undergirding the preliminary injunction and Barton Order motions are similar, they will be considered together and, for the reasons below, all three motions are denied.

To grant leave to appeal an interlocutory order, a district court must find that the order involves (1) a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) that an immediate appeal from which may materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b). "The movant bears the burden of demonstrating that all three of the substantive criteria are met." Hart v. Rick's Cabaret Int'l, Inc., 73 F. Supp. 3d 382, 393 (S.D.N.Y. 2014) (citation omitted). "The three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal." Figueiredo Ferraz Consultoria E Engenharia De Projeto Ltda. v. Republic of Peru, No. 08 Civ. 492 (WHP), 2009 WL 5177977, at *2 (S.D.N.Y. Dec. 15, 2009) (quoting

14

16 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3930 (2d ed. 2009)). Courts "have broad discretion to deny certification even where the statutory criteria are met." Century Pac., Inc. v. Hilton Hotels Corp., 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008) (quoting SPL Shipping Ltd. v. Gujarat Cheminex Ltd., No. 06 Civ. 15375 (KMK), 2007 WL 1119753, at *1 (S.D.N.Y. Apr. 12, 2007)).

Allied World advances two main arguments in support of its interlocutory appeals. For both the preliminary injunction and Barton Order, Allied World contends that the Bankruptcy Court lacked personal jurisdiction over it because of insufficient service of process.[5] Specifically for its Barton Order motion, Allied World also argues that the Bankruptcy Court applied a novel application of the Barton doctrine when it did so extraterritorially. As for its contempt order appeal, Allied World argues that that the Court should grant leave under pendent appellate jurisdiction.

---

[5] On May 10, 2017, Allied World wrote the Court that it was withdrawing its arguments that the Court "should hear the above-referenced appeals and reverse on the ground that the Bankruptcy Court lacked personal jurisdiction over Allied World for any reason other than for insufficient service of process." (17 Civ. 742, Dkt. 14 at 2.)

15

Allied World has persistently argued that it was improperly served process in Bermuda and, therefore, the Bankruptcy Court does not have personal jurisdiction over it.[6] Specifically, Allied World has argued that the Hague Convention treaty, which in part details how to serve process of legal documents from one country to another, does not affirmatively authorize service by mail in foreign countries, but rather merely allows it, see Hague Service Convention art. X, § a ("Provided the State of destination does not object, the present Convention shall not interfere . . . the freedom to send judicial documents, by postal channels, directly to persons abroad."), a stance it states has been strengthened by the Supreme Court's recent decision in Water Splash, Inc. v. Menon, 137 S. Ct. 1504, 1513 (2017) ("To be clear, this does not mean that the Convention affirmatively authorizes service by mail . . . . In other words, in cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second,

---

[6] The Bermuda Insurers have conceded that they received service of process through overnight courier, but argue that they did not receive personal service, in violation of Bermudan law. See In re MF Glob. Holdings Ltd., 561 B.R. 608, 618 (Bankr. S.D.N.Y. 2016).

service by mail is authorized under otherwise-applicable law.").
As each of the Bankruptcy Court's orders have been based on
personal jurisdiction, Allied World argues, this "improper
assertion" merits immediate appeal. (Allied World's Mem. in
Supp. of Barton Order Appeal at 12.)

Given the present circumstances, this is incorrect. While
overturning the Bankruptcy Court's finding of personal
jurisdiction would end the participation of Allied World in the
bankruptcy proceeding — part of what would constitute a
"controlling issue of law," see Klingshoffer, 921 F.2d at 24
("[I]t is clear that a question of law is 'controlling' if
reversal of the district court's order would terminate the
action.") — Allied World has not sufficiently established that
the propriety of Plaintiffs' service of process is fit for
interlocutory review. A Section 1292(b) appeal requires "a
'pure' question of law that the reviewing court 'could decide
quickly and cleanly without having to study the record.'" In re
Worldcom, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)
(quoting Ahrenholz v. Bd. of Trs. of Univ. of Ill., 219 F.3d
674, 676-77 (7th Cir. 2000)). The decision in Water Splash could
have an impact on what needs to be shown by Plaintiffs to
establish that process was properly served — such as, that

process was served in compliance with Bermudan law – but fulsome
evidence that such has occurred remains to be developed and
introduced by Plaintiff post-Water Splash, a process which has
been represented by Plaintiffs as on-going.[7] (See Pls.' Ltr dated
June 13, 2017 at 1-2, 17 Civ. 742, Dkt. 16 ("[Plaintiffs] will
soon address in the Bankruptcy Court the service issue . . .
[Plaintiffs] may need to introduce evidence on Bermuda law to
show that service was proper because a courier delivered the
relevant documents to the principal place of business of
corporate defendants.").) Until the facts underlying the process
served on the Defendants in Bermuda are fully developed, it
makes little sense to certify an appeal that may turn on an
"incomplete record." Koehler v. Bank of Bermuda Ltd., 101 F.3d
863, 866 (2d Cir. 1996).

Exclusive to the Barton Order, Allied World also argues
that the Bankruptcy Court's order applied the Barton doctrine in
a novel fashion, either by extending protection over new types

---

[7]    The Bankruptcy Court has preliminarily held that service
was still proper even under Water Splash, though no arguments
have yet been heard on the issue before Judge Glenn because
discovery briefing on the topic has been scheduled by the
Bankruptcy Court to continue through July 31, 2017. See In re MF
Glob. Holdings Ltd., No. 11-15059 (MG), 2017 WL 2533353, at *2
n.8 (Bankr. S.D.N.Y. June 12, 2017); (Adv. D.I. 122 at 5-6).
18

of defendant entities or applying the doctrine
extraterritorially; under either argument, Allied World contends
there is "an independent basis for leave to appeal." (Allied
World's Mem. in Supp. of Barton Order Appeal at 15.) Although
not specifically stated, Allied World's briefing citation
suggests its argument is that "reversal of the [Barton Order] as
to the enforceability of the forum selection clauses would
result in dismissal of this action in favor of the [Bermuda]
forum," which would make the matter a controlling issue of law.
In re Lloyd's Am. Trust Fund Litig., No. 96 Civ. 1262 (RWS),
1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997). These arguments
are also unavailing.

First, it is unestablished that reversing the Barton Order
constitutes a "controlling issue of law." Plaintiffs correctly
note that were the Barton Order reversed, a court - be it the
Bankruptcy Court or Bermudan court - would still need to judge
whether the underlying dispute is subject to arbitration, with
the instant proceeding continuing, unterminated, in the
Bankruptcy Court. This does not portend a "drastic[] decrease"
in the scope of the litigation and cautions away from an
interlocutory appeal. In re Anderson, 550 B.R. at 238 (citations
omitted).

More importantly, Allied World has failed to show that there exists a "substantial ground for difference of opinion" as to the Bankruptcy Court's application of Barton. For there to be a "substantial ground for difference of opinion," there must be "substantial doubt," which exists where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." In re Anderson, 550 B.R. at 238 (quoting Capitol Records, LLC v. Vimeo, LLC, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013)). "Mere conjecture that courts would disagree on the issue or that the court was incorrect in its holding is not enough," id., and "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient." In re Flor, 79 F.3d 281, 284 (2d Cir. 1996).

Allied World claims the Bankruptcy Court's application of Barton was novel in two respects. First, it contends that MFGH, the Plan Administrator, and MFGAA, an assignee of the claims, are not court-appointed officials and, therefore, not entitled to Barton protection, since in the Second Circuit such protection has historically only been extended to receivers and trustees. This contention is foreclosed both by prior findings

20

and case law. For MFGH, this position runs directly counter to previous ones taken by Allied World, where it has conceded the opposite, (see Adv. D.I. 28 at 14 ("MFGH is a court-appointed officer as Plan Administrator.")), as well as the repeated finding of the Bankruptcy Court, see In re MF Glob. Holdings Ltd., 562 B.R. at 876-77 & n.11 (finding MFGH "a court-appointed entity tasked with marshaling and liquidating assets," a fact it found conceded by the Bermudan Insurers, and MFGAA "created pursuant to the terms and mechanisms of the Plan and the Sale and Assumption Agreement").[8]

Furthermore, while the Bankruptcy Court properly noted that the Second Circuit has not laid out a test to apply Barton "to parties other than a receiver or trustee," In re MF Glob.

---

[8] Allied World also points to a MFGH statement in a parallel proceeding in which MFGH stated that it was not appointed by the Bankruptcy Court. See MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP, No. 14 Civ. 2197 (VM), 2017 WL 663565, at *7 (S.D.N.Y. Feb. 3, 2017). What the parties in that proceeding agreed to has little bearing on what the Bankruptcy Court found in its proceeding or what had been previously conceded to by these parties. See In re XO Commc'ns, Inc., 323 B.R. 330, 339 (Bankr. S.D.N.Y. 2005) ("[A] bankruptcy court's findings of fact will be accepted unless, in the rare circumstance, a reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" (quoting In re Schubert, 143 B.R. 337, 341 (S.D.N.Y. 1992)). Such conviction is absent here and Allied World has offered nothing to suggest otherwise.

Holdings Ltd., 562 B.R. at 875; see Vass v. Conron Bros., 59
F.2d 969, 971 (2d Cir. 1932), its well-reasoned analysis of
other circuits and recent district court cases in this circuit
demonstrate that the trajectory in the application of the Barton
doctrine is expanding beyond just receivers and trustees to
better assist bankruptcy courts to "centralize bankruptcy
litigation and keep a watchful eye on court-appointed officers."
Id. at 873 (quoting In re Yellowstone Mountain Club, LLC, 841
F.3d 1090, 1094 (9th Cir. 2016)) (internal quotation marks
omitted); see also id. at 873-75 (describing the evolving and
expanding scope of Barton protection). Even, *arguendo*, either
MFGH or MFGAA were not court-appointed, such reasoning would
provide Barton protection for MFGH and MFGAA. Allied World has
not put forward any case law to the contrary or reason, aside
than "mere conjecture," that the Second Circuit would disagree
with this broadly adopted broadening of the doctrine.

Second, Allied World argues that the Bankruptcy Court
raised a novel issue by applying the Barton doctrine
extraterritorially to proceedings in Bermuda, which Allied World
contends goes against the "presumption against
extraterritoriality," a "longstanding principle of American law
that legislation of Congress, unless a contrary intent appears,

22

is meant to apply only within the territorial jurisdiction of the United States." In re Ampal-Am. Israel Corp., 562 B.R. 601, 605 (Bankr. S.D.N.Y. 2017) (quoting EEOC v. Arabian Am. Oil Co., 499 U.S. 244, 248 (1991)) (additional citations omitted). To start, given that the Barton doctrine is federal common law, not statute-based, it is unclear that the presumption against extraterritoriality has any application here. See Balintulo v. Daimler AG, 727 F.3d 174, 191 (2d Cir. 2013) (finding that "the presumption against extraterritoriality applies to the statute" (emphasis in original)). Moreover, as described above, Allied World has not demonstrated a substantial ground for difference of opinion on this point. Plaintiffs have put forward two cases, one in this circuit and one outside and cited by the Bankruptcy Court, which applied Barton extraterritorially. See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC, 460 B.R. 106 (Bankr. S.D.N.Y. 2011), aff'd, 474 B.R. 76 (S.D.N.Y. 2012); ACE Insurance Co., Ltd. v. Smith (In re BCE West, L.P.), 2006 WL 8422206 (D. Ariz. Sept. 20, 2006).[9] By contrast, Allied World has presented, and the Court has been unable to find,

---

[9]    Insofar as both parties have discussed the Barton doctrine as operating comparable to an automatic stay, the Court also notes in passing that automatic stays following a filing of a Chapter 11 petition are regularly applied extraterritorially. See In re Soundview Elite, Ltd., 503 B.R. 571, 584 & n.29 (Bankr. S.D.N.Y. 2014) (collecting cases).

none. "[T]here is always the possibility for a difference of opinion," which Allied World appears to possess, but that alone does not establish the existence of conflicting authority or a substantial ground for difference of opinion. In re Goldman Sachs Grp., Inc. Sec. Litig., No. 10 Civ. 3461 (PAC), 2014 WL 5002090, at *3 (S.D.N.Y. Oct. 7, 2014) (denying certification of interlocutory appeal).

As none of Allied World's arguments demonstrate the exceptional circumstances sufficient to merit leave to appeal the Bankruptcy Court's preliminary injunction order or Barton Order, those motions are denied. Consequently, as the preliminary injunction does not merit leave for appeal the reasons stated above, Allied World's motion to appeal the Bankruptcy Court's contempt order under pendent appellate jurisdiction is also denied. See Kaluczky v. City of White Plains, 57 F.3d 202, 206 (2d Cir. 1995) (holding that once an appellate court has "jurisdiction over some questions on appeal may [it] exercise its discretion to take pendent jurisdiction over independent nonappealable, but related questions" (emphasis added)).

## Conclusion

For the foregoing reasons, the Allied World's motion to appeal as of right the Bankruptcy Court's <u>Barton</u> Order and motions for leave to appeal the Bankruptcy Court's <u>Barton</u> Order, preliminary injunction, and contempt order are denied.

It is so ordered.

**New York, NY**
**June _15_ , 2017**

ROBERT W. SWEET
U.S.D.J.

25